UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Richard Preston Blackwell, | Civil No. 23-cv-661 (ADM/DJF) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| West St. Paul Police Department, Dakota County, and West St. Paul Attorney's Office, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Richard Preston Blackwell's (1) Complaint (ECF No. 1), and (2) Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 2). Because Plaintiff fails to state viable federal law claims for relief, the Court recommends dismissing this action without prejudice and denying the IFP Application as moot.

## BACKGROUND

The Court received the Complaint and IFP Application on March 17, 2023. (*See* Docket.) Mr. Blackwell resides in St. Paul, Minnesota. (*See* ECF No. 1.) The Complaint names three Defendants: (1) the "West St Paul Police," which the Court construes as an attempt to name the City of West St. Paul Police Department; (2) Dakota County; and (3) the West St. Paul City Attorney's Office. (*Id.*)

The Complaint's substantive allegations appear in four sections. (*See id.* at 3–8.) Three sections relate to Mr. Blackwell's concerns with two citations he received in 2017

from police in West St. Paul, both of which led to convictions. (*See id*. at 3–7.) In both cases, he claims the citation-issuing officers acted out of improper motives and that the relevant prosecutors improperly handled the matters. (*See id.*) The fourth section claims West St. Paul police officers improperly accosted Mr. Blackwell outside a Wells Fargo branch in West St. Paul because he was sitting in the parking lot of closed businesses, and that they failed to complete a formal report when he told them he had been sexually assaulted. (*See id*. at 7–9.)

Mr. Blackwell purports to bring claims under the Fourth, Fifth, Sixth, Seventh, and Fourteenth Amendments of the U.S. Constitution, the Minnesota Human Rights Act, Minn. Stat. §§ 363A.01–363A.44 ("MHRA"), and various other provisions of Minnesota state law. (*See, e.g.*, *id.* at 3, 9.) For relief, he seeks $150,000 in compensatory damages. He also asks the Court to: (1) let him "withdraw the defaulted guilty pleas" in his two aforementioned state cases; and (2) "[o]rder Dakota County to send a request for driver license reinstatement on behalf of [Mr. Blackwell] to the [Minnesota] Department of Public Safety." (*Id.* at 10–11.)

## ANALYSIS

A. **Standard of Review**

Rather than pay this action's filing fee, Mr. Blackwell submitted the IFP Application. (*See* ECF No. 2.) The IFP Application suggests Mr. Blackwell qualifies financially for *in forma pauperis* status. (*See id.* at 1–2.) But under 28 U.S.C. § 1915, the federal statute governing IFP proceedings, "[n]otwithstanding any filing fee, or any portion

thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted ….."

In determining whether a complaint states a claim on which a court may grant relief, the court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Varga v. U.S. Bank Nat. Ass'n*, 764 F.3d 833, 836 (8th Cir. 2014) (citing *Loftness Specialized Farm Equip., Inc. v. Twiestmeyer*, 742 F.3d 845, 854 (8th Cir. 2014)). While a complaint's factual allegations need not be detailed, they must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing authorities). A complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A court's consideration of whether a pleading states a claim is "context-specific"; the court must "draw on its judicial experience and common sense." *Id.* at 679; *see also, e.g.*, *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (en banc) (quoting *Magee v. Trs. of Hamline Univ.*, 747 F.3d 532, 535 (8th Cir. 2014) (cleaned up)). Courts should construe pro se complaints like Mr. Blackwell's "liberally," but such pleadings must still allege enough facts to support the claims advanced. *See, e.g.*, *Sandknop v. Mo. Dep't of Corr.*, 932 F.3d 739, 741 (8th Cir. 2019) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

B. Complaint

    1. Section 1983 Claims

Although Mr. Blackwell purports to bring various federal constitutional claims against Defendants, plaintiffs generally cannot press claims under the U.S. Constitution

directly. Instead, the usual vehicle for such claims is 42 U.S.C. § 1983. *See, e.g.*, *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution. … [A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." (citing cases)); *Harris v. Schutz*, No. 23-CV-0377 (ECT/LIB), 2023 WL 2871101, at *2 (D. Minn. Mar. 23, 2023), *report and recommendation adopted*, 2023 WL 2867525 (D. Minn. Apr. 10, 2023); *cf. Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) ("Section 1983 does not confer substantive rights but merely provides a means to vindicate rights conferred by the Constitution or laws of the United States."). The Court accordingly construes Mr. Blackwell's federal law claims as claims under section 1983.

Because Mr. Blackwell only names three government entities as Defendants, his claims necessarily are official capacity claims. Under section 1983, governmental entities "are responsible only for 'their own illegal acts'"; they "are not vicariously liable … for their employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting and citing *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in *Connick*)); *see also, e.g.*, *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1214 (8th Cir. 2013). For a municipal official capacity defendant to deprive an individual of constitutional rights, the injury must stem from "action pursuant to official municipal policy." *Connick*, 563 U.S. at 60 (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have

4

the force of law." *Id.* at 61 (citing cases); *see also, e.g.*, *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (citing cases).

A plaintiff can challenge a municipality's policies and practices in various ways. *See, e.g.*, *Brewington*, 902 F.3d at 800–02 (discussing standards); *Atkinson*, 709 F.3d at 1214–17 (same). But the Complaint here does nothing to suggest that the relevant named individuals were acting pursuant to some allegedly unlawful municipal policy or practice. Accordingly, as presently pled, the Complaint does not allege any proper official capacity claims. For these reasons the Court recommends dismissing the Complaint with respect to any section 1983 claims for failure to state a claim for relief.[1]

2.   State law claims

What remains are Mr. Blackwell's state law claims. Having recommended dismissal of Mr. Blackwell's federal claims under section 1983, the Court must consider whether it should exercise supplemental jurisdiction over the state law claims. Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction,

---

[1] If Mr. Blackwell believes individual officers violated his constitutional rights, he may file a section 1983 lawsuit naming those officers as defendants in their individual capacities. However, the Court notes that such claims likely would not be viable to the extent he challenges a conviction in state criminal court. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the U.S. Supreme Court stated that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. This means that to the extent Mr. Blackwell's claims would undercut any prior criminal conviction, he would have to show that he can meet *Heck*'s favorable termination requirement.

the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy …." But § 1367(c)(3) also states that a district court "may decline to exercise supplemental jurisdiction over a claim under [§ 1367(a)] if … the district court has dismissed all claims over which it has original jurisdiction."

The Eighth Circuit explained how courts should handle this sort of situation in *Wilson v. Miller*:

> A federal district court has discretionary power to decline the exercise of supplemental jurisdiction where the court has dismissed all claims over which it has original jurisdiction. The factors a court should consider in determining whether to exercise jurisdiction over pendent state law claims are judicial economy, convenience, fairness, and comity. [I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine … will point toward declining to exercise jurisdiction over the remaining state-law claims.

821 F.3d 963, 970–71 (8th Cir. 2016) (emphasis added; citations and internal quotation marks omitted); *see also, e.g.*, *Nuevos Destinos, LLC v. Peck*, 999 F.3d 641, 645 n.3 (8th Cir. 2021) (quoting *Wilson*); *Holmes v. City of St. Paul*, No. 20-cv-1313-SRN-DTS, 2020 WL 5088684, at *3 (D. Minn. Aug. 28, 2020) (same).

Under *Miller*, the Court recommends declining to exercise supplemental jurisdiction. The Court recommends dismissing all of Plaintiffs' potential federal law claims long before trial, such that judicial economy and convenience do not weigh against dismissing his pendant state law claims, and the *Miller* factors suggest no other reason for the Court to retain supplemental jurisdiction over them. Issues of comity favor allowing

6

the state courts to address Mr. Blackwell's state law claims, and the Court perceives no unfairness in doing so. The Court recommends dismissing Mr. Blackwell's state law claims without prejudice for lack of jurisdiction on these grounds.

The Court accordingly recommends dismissing the Complaint in its entirety. The Court further recommends denying Mr. Blackwell's IFP Application as moot.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Mr. Blackwell's Complaint be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915; and

2. Mr. Blackwell's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) be **DENIED** as moot.

Dated: May 23, 2023

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).